# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BENJAMIN JOHN BIESE,

        Plaintiff,

    -vs-                                      Case No.   14-CV-0026

WILLIAM POLLARD,
TONY MELI,
BRIAN GREFF,
CO BEASLEY, and
JOHN DOE, Program Services Officer at WCI on 8/28/2013,

        Defendants.

## DECISION AND ORDER

The plaintiff, Benjamin John Biese, who is incarcerated at Waupun Correctional Institution (Waupun), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint..

The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). His motion for leave to proceed *in forma pauperis* will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## I. COMPLAINT AVERMENTS

On August 28, 2013, the plaintiff was taken from his cell in segregation at Waupun to the social services building for an appearance by video in a Dodge County criminal case. Upon arrival, the plaintiff was advised that he would be placed in a restraint chair, which he submits is normally reserved for out of control inmates in segregation or force feeding. The plaintiff was handcuffed behind his back when placed in the chair. He was then strapped in by defendant Correctional Officer Beasley and placed in a room with a video monitor. It was three and a half hours before the hearing actually took place.

During the wait for the hearing, the plaintiff's handcuffs tightened to an

3

extremely painful level because they were not double locked. When the plaintiff told Beasley, she said, "you will have to wait." (Complaint at 6, ECF 1). The plaintiff's urinary leg bag also filled to capacity during this time, which caused the plaintiff pain and discomfort. When the plaintiff notified Beasley, she said, "quit your bitching." *Id.*

After the plaintiff returned to the segregation unit, a nurse evaluated his left hand and determined there to be some possible damage due to blood loss as a result of the tight handcuffs. The nurse also told the plaintiff that backed up urine can and will cause infection and kidney damage.

The plaintiff contacted defendant Greff about this incident, but Greff said this was "per policy." *Id.* The plaintiff also wrote to defendant Warden William Pollard, who forwarded the plaintiff's letter to defendant Security Director Tony Meli. Meli placed responsibility on Greff.

The plaintiff also asserts that almost the same situation took place on September 11, 2013, though he does not provide the same level of detail regarding that incident.

The plaintiff submits that the painful restraint without cause violated his rights under the Eighth Amendment and that the defendants violated Chapter 306 of the Wisconsin Administrative Code. He seeks monetary damages and a change to the Waupun policy regarding the use of the restraint chair.

4

## II. DISCUSSION

The Eighth Amendment proscribes cruel and unusual punishment in cases of official conduct which is not part of the formal penalty for a crime if a plaintiff demonstrates: (1) a "sufficiently serious" deprivation and, (2) that officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Mechanical rules are not to be employed in determining whether an alleged deprivation violates the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). However, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 at 347).

"While some form of temporary restraint may be necessary against those who pose a threat to themselves and others, [some] methods are 'too close to the rack and screw to permit of constitutional differentiation.'" *French v. Owens*, 777 F.2d 1250, 1253-54 (7th Cir. 1985). "Where a prison security measure is undertaken to resolve a disturbance ... we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

According to the plaintiff's complaint, there was no disturbance that the restraint chair was used to resolve. It is alleged that it was not used for legitimate security

5

reasons. The plaintiff was simply placed in the restraint chair to wait for his video court appearance and, when he complained about the pain in his wrists from the handcuffs and the full urinary bag, defendant Beasley told him, "you will have to wait" and "quit your bitching." (Complaint at 6, ECF 1). At this stage, this is sufficient for the plaintiff to proceed on an Eighth Amendment claim against Beasley for placing the plaintiff in the restraint chair and leaving him there for three and a half hours, even as he complained of pain in his wrists and a full urinary bag. The plaintiff's claim against Beasley also includes her responses when the plaintiff told her about the pain in his wrists and his full urinary bag.

With regard to the other named defendants, § 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *Palmer v. Marion County*, 327 F.3d 594 (7th Cir. 2003). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant is personally responsible, and thus liable under § 1983, only if he knows about the other person's act, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

The plaintiff informed defendants Greff, Pollard, and Meli about the first restraint chair incident, and they did not take action to keep it from happening again, which it did on September 11, 2014. Accordingly, the plaintiff may also proceed on Eighth

Amendment claims against these defendants for their actions and failure to act.

The plaintiff's complaint contains no allegations of personal involvement by a John Doe sued as Program Services Officer at WCI on 8/23/2013. Accordingly, this defendant will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that the John Doe defendant sued as Program Services Officer at WCI on 8/23/2013 is **dismissed**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: William Pollard, Tony Meli, Brian Greff, and CO Beasley.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, these defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison

trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2014.

                        **SO ORDERED,**

                        */s/ Rudolph T. Randa*

                        **HON. RUDOLPH T. RANDA**
                        **U. S. District Judge**